**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| VINSON GRIFFIN, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:22-cv-813-HEA |
| | ) | |
| DR. KENT MCNUTT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court for review pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. Review of the record indicates that defendant Dr. Kent McNutt has not been served with process.

Plaintiff commenced this action in this Court on August 3, 2022. ECF No. 1. Plaintiff named five medical professionals as defendants. On October 6, 2022, the Court directed the Clerk to serve process on defendants Dr. Kent McNutt, Dr. Jerry Lovelace, and Nurse Practitioner Angela Adams in their individual capacities as to plaintiff's claim of deliberate indifference to his medical needs. ECF No. 7. Because plaintiff alleged that Dr. McNutt, Dr. Lovelace, and Nurse Adams were employees of Corizon Health, Inc. ("Corizon"), the Court directed defendants to be served in accordance with the service agreement the Court maintains with Corizon. *Id.* at 13. *See also* ECF No. 9.

On November 4, 2022, counsel entered appearance for and agreed to waive service of process as to defendants Dr. Lovelace and Nurse Adams. ECF No. 10. Counsel, however, asserted he "cannot waive service on behalf of defendant Dr. Kent McNutt because he was not an employee of Corizon." ECF No. 11. Consequently, service cannot be effectuated on defendant Dr. McNutt until plaintiff provides the Court with a current address and employer for this defendant. In providing Dr. McNutt's address, plaintiff should also identify who Dr. McNutt's employer was at

the time of the alleged constitutional violation. In the event counsel's notice declining to waive

service on Dr. McNutt can be interpreted to mean that he is not currently an employee of Corizon,

but was at the time of the alleged incident, counsel must submit the last known home address for

this defendant under seal and *ex parte*.

Rule 4(m) of the Federal Rules of Civil Procedure provides:

 If a defendant is not served within 90 days after the complaint is filed, the court --
on motion or on its own after notice to the plaintiff -- must dismiss the action
without prejudice against that defendant or order that service be made within a
specified time. But if the plaintiff shows good cause for the failure, the court must
extend the time for service for an appropriate period.

Although plaintiff is entitled to have service executed by the Marshals Service, plaintiff

must provide the Court with the proper information to locate each defendant before they can be

required to answer to this lawsuit. In light of plaintiff's status as a *pro se* and *in forma pauperis*

litigant, he will be given the opportunity to provide the Court with adequate information such that

Dr. McNutt may be served under Rule 4(m). Plaintiff's response to the Court is due no later than

twenty-one (21) days from the date of this Order.

Accordingly,

**IT IS HEREBY ORDERED** that, no later than twenty-one (21) days from the date of this

Order, plaintiff shall provide the Court with an address at which service can be effectuated on

defendant Dr. Kent McNutt. Plaintiff's failure to timely respond to this Order shall result in the

dismissal of Dr. Kent McNutt, without prejudice.

2

**IT IS FURTHER ORDERED** that, if Dr. Kent McNutt was employed by Corizon Health, Inc. during the relevant time in plaintiff's complaint, counsel of record for defendants Lovelace and Adams is directed to submit the last known home addresses for Dr. Kent McNutt to the Court, under seal and *ex parte*, no later than twenty-one (21) days from the date of this Order.

Dated this  8th day of December, 2022.

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE

3